IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE AMERICAN EDUCATION CORPORATION, a Nevada corporation,<br><br>               Plaintiff,<br><br>v.<br><br>STEVEN CHASE d/b/a A+MATH,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. CIV-05-1398-L<br>)<br>)<br>)<br>) |

## O R D E R

On November 30, 2005, plaintiff filed this action seeking damages and injunctive relief for alleged violations of the Lanham Act.[1] This matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction. The standard governing a motion to dismiss for lack of personal jurisdiction is clear. Due process requires that a non-resident defendant must have certain minimum contacts with the forum state before the court can assume personal jurisdiction over him. *See* <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945); <u>Trierweiler v. Croxton & Trench Holding Corp.</u>, 90 F.3d 1523, 1532 (10th Cir. 1996). Personal jurisdiction can either be specific or general. When general

---

[1] The final paragraph of the Complaint appears to contain scrivener's errors as it seeks judgment against "Defendant, Fogware Publishing, Inc." and requests an injunction against the use of the mark "A+Learning Systems", which is not the mark used by defendant, Steven Chase.

jurisdiction exists, a court may exercise personal jurisdiction over a non-resident defendant even if the action is unrelated to the defendant's contacts with the state. In order for the court to assert such jurisdiction, however, the defendant's contacts with the forum state must not only be substantial, but also must be continuous and systematic. See Trierweiler, 90 F.3d at 1533. Specific jurisdiction, on the other hand, arises out of a defendant's specific contacts with the forum state. Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1418 (10th Cir. 1988). A court has specific jurisdiction when "there is some act by which the defendant purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958); Trierweiler, 90 F.3d at 1532. "Purposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." Rambo, 839 F.2d at 1420 (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)).

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person." Jurisdiction is proper, however, where the contacts proximately result from actions by the

> defendant *himself* that create a "substantial connection" with the forum state.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted) (emphasis in original).

Regardless of whether the court has general or specific jurisdiction, a defendant's conduct and connection with the forum state must be such that it could reasonably anticipate being haled into court in that forum. *See* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). This is because, in determining whether the court has personal jurisdiction over a defendant, the court must ensure that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Id. at 292. In this respect, the exercise of jurisdiction must be reasonable. Rambo, 839 F.2d at 1419 n.6. Plaintiff bears the burden of establishing that the court has personal jurisdiction over defendant. *See* Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

> Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.

Behagen v. Amateur Basketball Ass'n of the United States, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985) (citations omitted).

Defendant is a Virginia resident. Affidavit of Steven Chase at ¶ 2. *See also* Praecipe for Summons (Doc. No. 4). He operates a website on the Internet, located at www.aplusmath.com that contains computer-generated flashcards, math games, worksheets, and a homework helper. Affidavit of Steven Chase at ¶¶ 3, 5.[2] In addition, the website advertises for sale a CD-ROM version of services located on the website and contains sponsored links to computer games and software that help children with math problems. Exhibit C to Complaint. Purchasers who wish to buy the CD-ROM are directed to an unaffiliated website, www.cafepress.com, to complete their purchases. Affidavit of Steven Chase at ¶ 8. Defendant is not licensed to do business in the State of Oklahoma and has no employees, agents, bank accounts, or offices in Oklahoma. Id. at ¶¶ 10-12. He does not maintain any telephone listings in Oklahoma, nor does he visit customers or recruit employees in the state. Id. at ¶14-15. Prior to the filing of this lawsuit, defendant had not sold any CD-ROMs in Oklahoma; on December 2, 2005, an Oklahoma resident purchased one of defendant's CD-ROMs. Id. at ¶ 18.

Plaintiff alleges defendant's operation of the website, and in particular his use of "A+ Math", infringes its trademarks and is likely to cause confusion or deceive customers as to the source of defendant's products. Complaint at ¶¶ 9,

---

[2]The Complaint alleges the website is entitled "A+Math." Complaint at ¶ 2. Exhibit C to the Complaint reflects the web address is www.aplusmath.com.

4

11. Plaintiff contends the court may assert personal jurisdiction over defendant because his operation of the aplusmath website "has caused tortious injury to occur upon a resident of this state." Plaintiff's Response to Defendant's Motion to Dismiss at 7. This, alone, however, is insufficient. Plaintiff must still "point to other actions that adequately demonstrated that the defendants targeted (or 'expressly aimed' their conduct at) the forum, and thereby showed that the forum was the focal point of the tortious activity." IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 263 (3d Cir. 1998). *See also* Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1080 (10th Cir. 1995). Plaintiff has not done so.[3] Moreover, under Oklahoma law,[4] defendant's operation of the website is insufficient to justify the exercise of jurisdiction.

> If we were to hold that the ability of an out-of-state resident to access a website was enough to establish jurisdiction, personal jurisdiction could almost always be found in any jurisdiction in the country. An approach that specifically analyzes a foreign business's activity directed at the state of Oklahoma is a more reasoned approach. The operator of a website should be able to measure with some predictability the forums in which he or she may be subjected to jurisdiction. In keeping with this principle, we hold that the amount of contacts or orders originating from persons within Oklahoma must be taken into consideration when determining whether

---

[3] Plaintiff's assertion that defendant has willfully infringed its trademark goes to the merits of its case, not the jurisdictional question of minimum contacts.

[4] Because the Lanham Act does not authorize nationwide service of process, the court looks to Oklahoma's long-arm statute to determine whether personal jurisdiction exists. *See* Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004).

> personal jurisdiction exists. Such an approach will allow a court to apply such information to determine the nature and quality of defendant's internet activity within Oklahoma.

Lively v. IJAM, Inc., 114 P.3d 487, 497 (Okla. App. 2005). While defendant's website is not completely passive, it does not constitute a commercial website as defined by Lively. *See* id. at 495. Rather, the evidence presented demonstrates only one sale to an Oklahoma resident from the website, and that sale occurred only after this action was filed. "[T]o allow jurisdiction based on 'isolated sales and [a] website would ignore the constitutional requirement of deliberate, rather than merely foreseeable contacts.'" Id. at 496 (*quoting* Shamsuddin v. Vitamin Research Products, 346 F. Supp. 2d 804, 814 (D. Md. 2004)). Plaintiff has not established that defendant has sufficient minimum contacts with Oklahoma to warrant the exercise of jurisdiction.

Having reached this conclusion, the court must consider whether transfer of this matter is appropriate.[5] Section 1631 of Title 28, United States Code, provides that:

> [w]henever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have

---

[5] In the event the court did not find personal jurisdiction, plaintiff requested the court transfer this matter pursuant to 28 U.S.C. § 1404(a). As the court has found it does not have personal jurisdiction over defendant, the appropriate statutory basis for transfer is 28 U.S.C. § 1631.

>been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. The court finds it would be in the interest of justice to transfer this matter to the Eastern District of Virginia.

In sum, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 19) is GRANTED. This matter is TRANSFERRED to the United States District Court for the Eastern District of Virginia.

It is so ordered this 13th day of July, 2006.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge